■ STATE DIVISION OF HUMAN RIGHTS, on the Complaint of ALVIN F. FROST, JR., Petitioner, v. NEW STAR HOMES DEVELOPMENT CORP. et al., Respondents.— Proceeding pursuant to section 298 of the Executive Law for review of certain portions of an order of the State Human Rights Appeal Board, entered December 10, 1970, which modified an order of the Commissioner of the State Division of Human Rights by striking out those provisions of the Commissioner's order as awarded compensatory damages in the amount of $1,500 against respondent and in favor of complainant. Order of the State Human Rights Appeal Board, insofar as appealed from, reversed, on the law and the facts, without costs, and the matter remanded to the Commissioner to take proof as to exact nature and amount of the damages sustained as a result

of the discriminatory refusal to sell complainant a home because of his color. Complainant's wife, a Caucasian, signed a binder and placed a $25 deposit on one of the houses in a development built by respondents. After arrangements were made for the signing of the contract, complainant, a Negro, was introduced to respondent Rizzo for the first time. Immediately complications arose. Rizzo asked complainant to pay for "extras", informed him that only one house in the development remained unsold, i.e., the model house, and that complainant would have to take such house "as is." At this point, complainant, who was represented at the negotiations by counsel, was given time to reconsider the matter and the closing was adjourned. When he continued to express an interest in the model house, respondent withdrew such house from the market, prompting complainant to file his discrimination complaint. The Commissioner entered an order finding that the respondents had discriminated against complainant and specifically ordered inter alia that respondents pay complainant the sum of $1,500 compensatory damages. On appeal to the State Human Rights Appeal Board, respondents secured an order modifying the Commissioner's order by deleting the compensatory damage award. In our opinion, counsel fees actually incurred by complainant in connection with his unsuccessful attempt to purchase a house from respondents — a house refused complainant because he was a Negro — are properly compensable. These are not attorney's fees incurred by complainant in connection with the prosecution of his discrimination complaint. Such expenses have been held uncompensable (*Matter of State Div. of Human Rights* v. *Gorton*, 32 A D 2d 933; see also *State Comm. for Human Rights* v. *Speer,* 35 A D 2d 107, revd. on other grounds 29 N Y 2d 555). No proof however was tendered with respect to the actual counsel fees incurred by complainant or any other out-of-pocket expenses sustained by him resulting from the discriminatory refusal, and accordingly, we feel that a remand is warranted. A statutory award of compensatory damages cannot be made in the absence of proof. Rabin, P. J., Hopkins, Martuscello and Latham, JJ., concur; Shapiro, J., dissents, and votes to reinstate the order of the Commissioner, with the following memorandum: I believe there is sufficient basis in the record, reasonably construed, to sustain the award of $1,500 in damages.